**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **CLAIRE A. MARQUEZ,** | **CASE NO.: 21-cv-1048** |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| **PROCELL THERAPIES HOLDINGS, LLC; DR. MITCHELL SCHWARTZ, ACUITY MASSAGE AND ADVANCED SKIN CARE, LLC; ADVANCED DERMA-TECH LLC; CHASE LAY, MD & ASSOCIATES, INC.; RAECERA AESTHETICS LLC; TAC LIQUIDATION LLC** | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff CLAIRE A. MARQUEZ ("Marquez", the "Plaintiff"), files this Complaint for patent infringement and copyright infringement ("Complaint") against Defendant PROCELL THERAPIES HOLDINGS, LLC ("Defendant Procell") and Dr. MITCHELL SCHWARTZ ("Schwartz" or together with Defendant Procell "Procell"); Defendant ACUITY MASSAGE AND ADVANCED SKIN CARE, LLC ("Defendant AMASC"); Defendant ADVANCED DERMA-TECH LLC (d/b/a AdvancedDermaLaserTechnologies) ("Defendant ADT"); Defendant CHASE LAY, MD & ASSOCIATES, INC. ("Defendant Chase Lay"); Defendant Raecera Aesthetics LLC ("Defendant Raecera"); and TAC LIQUIDATION (f/d/b/a "The Ageless Center" ("Defendant TAC"), and hereby alleges the following:

## NATURE OF THE ACTION

1.     This is a civil action for design patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and for copyright infringement under the Copyright laws of the United States, 17 U.S.C. § 101, et seq.

## THE PARTIES

2.     Plaintiff Claire A. Marquez is an individual with a place of residence at #21 Chalan Road, Santa Fe, NM 87507.

3.     On information and belief, Defendant Procell Therapies Holdings, LLC ("Procell") is a Texas limited liability company with purported headquarters and a principal place of business at 8868 Research Blvd Suite 109, Austin, TX 78758. Each of Procell's members are residents of and/or domiciled in the State of Texas and this judicial district. Procell is in the business of manufacturing via contractor, marketing, advertising, and selling Electro Collagen Induction Therapy (ECIT) devices throughout the United States, and this District.

4.     On information and belief, Defendant Procell may be served at its registered agent's office, Capital Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, Texas 78701, and/or its principal place of business.

5.     On information and belief, Defendant Schwartz is domiciled in and resides in the State of Texas and within this judicial district.

6.     On information and belief, Defendant Acuity Massage and Advanced Skin Care, LLC ("Defendant AMASC") is a Colorado limited liability company with purported headquarters and a principal place of business at 632 Market Street, Suite G-2, Grand Junction, CO 81505. Defendant AMASC is in the business of marketing, advertising, and offering, *inter alia*, Pro Cell Professional MicroNeedling & Stem Cell services throughout the United States, and this District.

7.     On information and belief, Defendant AMASC may be served through its registered agent, Kevin Dale Kern, at 359 Plateau Drive, Grand Junction, CO 81507, United States.

8.     On information and belief, Defendant Advanced Derma-Tech LLC (d/b/a AdvancedDermaLaserTechnologies) ("ADT") is a New York limited liability company with its principal place of business located at 422 Madison Ave. 3rd floor, New York, New York, 10017.

9.     On information and belief, Defendant ADT can be served through its registered agent, Jennifer Kandemir, at 422 Madison Avenue, 3r Floor New York, NY 10017.

10.     On information and belief, Defendant Chase Lay, MD & Associates, Inc. is a California professional corporation with its principal place of business located at 455 O'CONNOR DR #280, San Jose, California, 95128.

11.     On information and belief, Defendant Chase Lay can be served through its registered agent, Patrick C. Lay, at 455 O'Connor Dr. No. 280, San Jose, California 95128.

12.     On information and belief, Raecera Aesthetics LLC is a New York limited liability company with its principal place of business located at 132 Park Avenue New City, NY 10956.

13.     On information and belief, Raecera Aesthetics LLC can be served through its registered agent, Legalinc Corporate Services Inc., at 1967 Wehrle Drive, Ste. 1, No. 086, Buffalo, New York, United States, 14221.

14.     On information and belief, TAC Liquidation (f/d/b/a "The Ageless Center, LLC") is a dissolved Georgia limited liability company comprised of two members, Alona Solomon and Michael J. Solomon, and with its principal place of business located at 2770 Lenox Rd NE, Atlanta, GA 30324.

15.     On information and belief, TAC Liquidation, LLC can be served through its registered agent, Alona Solomon, located at 2770 Lenox Rd NE, Atlanta, Georgia 30324.

# JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the United States Code, and the copyright laws of the United States, Title 17 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

17.     This Court has personal jurisdiction over Defendant Procell and Schwartz for at least the following reasons: (1) Defendant Procell is a Texas limited liability company wherein each member, including Schwartz, is believed to be domiciled in Texas and this judicial district; (2) Defendant Procell maintains its principal place of business in Texas and this judicial district; (3) Defendant Procell and Schwartz directly and/or indirectly imports, develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including from within this judicial district, and otherwise purposefully directs infringing activities to this district in connection with the Procell Electro Collagen Induction Therapy (ECIT) devices, and therefore Defendant Procell and Schwartz have committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; (4) Defendant Procell and Schwartz engage in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District; and (5) Defendant Procell and Schwartz have purposefully established systematic and continuous contacts with Texas and this Judicial District and should reasonably expect to be brought into Court here.

18.     Venue as to Defendant Procell and Schwartz is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant Procell is incorporated under the laws of the State of Texas and maintains its principal place of business in Austin, Texas and within this

judicial district, because Defendant Procell and Schwartz do business in this judicial district, and because Defendant Procell and Schwartz have committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

19. This Court has personal jurisdiction over Defendant AMASC for at least the following reasons: Defendant AMASC is a Colorado limited liability company wherein Defendant AMASC directly and/or indirectly imports and purchases from this judicial district infringing devices and offers for sale and sells infringing services in the United States, including within this judicial district, advertises, offers for sale and sells infringing services from its commercial website to individuals, including within this judicial district and, otherwise purposefully directs infringing activities to this district in connection with ECIT devices, and therefore Defendant AMASC has committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; and Defendant AMASC engages in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District.

20. Venue as to Defendant AMASC is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant AMASC does business in Texas and this judicial district, because Defendant AMASC has committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

21. This Court has personal jurisdiction over Defendant ADT for at least the following reasons: Defendant ADT is a Colorado limited liability company wherein Defendant ADT directly and/or indirectly imports and purchases from this judicial district infringing devices and offers for sale and sells infringing services in the United States, including within this judicial district, advertises, offers for sale and sells infringing services from its commercial website to individuals,

including within this judicial district and, otherwise purposefully directs infringing activities to this district in connection with ECIT devices, and therefore Defendant ADT has committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; and Defendant ADT engages in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District.

22.     Venue as to Defendant ADT is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant ADT does business in Texas and this judicial district, because Defendant ADT has committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

23.     This Court has personal jurisdiction over Defendant Chase Lay for at least the following reasons: Defendant Chase Lay is a Colorado limited liability company wherein Defendant Chase Lay directly and/or indirectly imports and purchases from this judicial district infringing devices and offers for sale and sells infringing services in the United States, including within this judicial district, advertises, offers for sale and sells infringing services from its commercial website to individuals, including within this judicial district and, otherwise purposefully directs infringing activities to this district in connection with ECIT devices, and therefore Defendant Chase Lay has committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; and Defendant Chase Lay engages in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District.

24. Venue as to Defendant Chase Lay is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant Chase Lay does business in Texas and this judicial district, because Defendant Chase Lay has committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

25. This Court has personal jurisdiction over Defendant Raecera for at least the following reasons: Defendant Raecera is a New York limited liability company wherein Defendant Raecera directly and/or indirectly imports and purchases from this judicial district infringing devices and offers for sale and sells infringing services in the United States, including within this judicial district, advertises, offers for sale and sells infringing services from its commercial website to individuals, including within this judicial district and, otherwise purposefully directs infringing activities to this district in connection with ECIT devices, and therefore Defendant Raecera has committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; and Defendant Raecera engages in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District.

26. Venue as to Defendant Raecera is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant Raecera does business in Texas and this judicial district, because Defendant Raecera has committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

27. The Court has personal jurisdiction over Defendant TAC for at least the following reasons: Defendant TAC is a judicially dissolved Georgia limited liability company, comprised of two members residing in Atlanta Georgia, wherein Defendant TAC directly and/or indirectly imports and purchases from this judicial district infringing devices and offers for sale and sells

infringing services in the United States, including within this judicial district, advertises, offers for sale and sells infringing services from its commercial website to individuals, including within this judicial district and, otherwise purposefully directs infringing activities to this district in connection with ECIT devices, and therefore Defendant TAC has committed acts of direct and indirect patent infringement and committed acts of direct and indirect copyright infringement in Texas and this Judicial District; and Defendant TAC engages in other persistent courses of conduct and derives substantial revenue from infringing products and/or services provided to individuals in Texas, and this Judicial District.

28.     Venue as to Defendant TAC is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendant TAC does business in Texas and this judicial district, because Defendant TAC has committed acts of patent infringement and copyright infringement, at least, in Texas and this District.

## INTELLECTUAL PROPERTY

29.     Marquez is the inventor and owner of design patents and copyrights associated with MicroChanneling therapy conducted on human skin.

30.     On April 7, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent Nos. D726,314 entitled "micro-needling tattoo machine" ("the 'D314 Patent"). A true and correct copy of the 'D314 Patent is attached hereto as Exhibit A). The 'D314 patent claims a non-functional ornamental design, specifically, a micro-needling tattoo machine.

31.     On April 7, 2015, the USPTO duly and legally issued D726,316 entitled "micro needling tattoo head" and micro-needling tattoo machine ("the 'D316 Patent"). A true and correct

copy of the '316 Patent is attached hereto as Exhibit B. The 'D316 patent claims a non-functional ornamental design, specifically, a micro-needling head for a micro-needling tattoo machine.

32.     Marquez is the legal owner by assignment of the 'D314 Patent and the 'D316 Patent and holds all rights and interests in the 'D314 Patent and 'D316 Patent.

33.     Marquez is also the owner of certain images that are registered with the U.S. Copyright Office ("The Copyright", see Attachment C hereto). Plaintiff holds the Copyright Registration for a group of seventeen ("17") photographs, entitled "Claire Marquez ECIT Collection" used in association with and to market and advertise the commercial embodiments of her inventions claimed in the '314 Patent and the '316 Patent (the "Photographs").

34.     The Photographs are original works entitled to copyright protection pursuant to copyright laws of the United States and are registered with the United States Copyright Office. Plaintiff submitted to the United States Copyright Office an application to obtain copyright registration for the Photographs on or about July 15, 2020. The United States Copyright Office issued to Plaintiff a Certificate of Registration, Registration No. VA 2-210-116, with an effective date of July 16, 2020. A genuine and authentic copy of the U.S. federal copyright registration certificate for the Photographs is attached hereto as Exhibit C.

35.     As the sole owner of the copyright in the Photographs, Plaintiff holds the exclusive rights to reproduce, publicly distribute, and display the Photographs pursuant to 17 U.S.C. §106 AND § 501.

## FACTUAL BACKGROUND

36.     Marquez began developing skin treatment technology since 2007. Marquez formed a small business called DivineBeauty that has been conducting business under the tradename RejuvaStamp. The company promoted micro needling as electro collagen induction therapy for

various skin conditions using an Electro Collagen Induction Therapy (ECIT) device having primary features covered by the '314 and '316 patents. The (ECIT) Device works by inserting tiny micro needles into the skin creating thousands of perforations. These microscopic perforations stimulate your body's own natural electrical response. (Similar to acupuncture.) These natural electro signals induce a body's natural human growth factor (PDGF), to transform into growth factor (TGF beta). This process increases blood circulation to the penetrated area and stimulates collagen and elastin production.

37.     Marquez met Dr. Mitchell Schwartz, a practicing dermatologist, around the year 2013, while Marquez was promoting RejuvaStamp at a tradeshow in Florida. Schwartz saw and became interested in Marquez's therapy and ECIT devices while attending the tradeshow. Schwartz approached Marquez about engaging in some form of business collaboration. Marquez and Schwartz agreed to collaborate in promoting skin treatment therapy using Marquez's ECIT devices and formed Rejuva Skin Care LLC. The collaboration only lasted until about March 2014 as it became clear to Marquez that Schwartz was attempting to force her out of the business and was in breach of agreements between them.

38.     Schwartz and Procell have been aware of Claire Marquez's ownership of the 'D314 and 'D316 patents since 2013.

39.     Schwartz formed Procell Therapies LLC in 2014 for the purpose of continuing to promote Marquez's therapy and sell ECIT devices without Marquez's involvement or permission.

40.     Schwartz contacted Marquez in May 2015 in attempt to settle any claims Marquez may have against Schwartz and to obtain assignment of the 'D314 and 'D316 patents from Marquez. Marquez refused offers from Schwartz.

41.     Without Marquez's awareness, Schwartz attempted to assign the 'D314 and 'D316 patents from Rejuva Skin Care LLC to Procell Therapies LLC on September 1, 2015. Marquez became aware of the improperly recorded assignment in October 2015 and filed correction of assignment with the United States Patent and Trademark Office, which was recorded on October 14, 2015. Assignment of the patents currently remains with Claire A. Marquez.

42.     In violation of 35 U.S.C. § 271, Defendant Procell and Schwartz have continued to willingly market and sell therapies and infringing ECIT devices without Marquez's permission. Defendant Procell, and by and through Schwartz, has infringed and continues to infringe the 'D314 and 'D316 patents in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents.

43.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a micro-needling tattoo machine as claimed in the 'D314 and 'D316 patents and the Defendant Procell's ECIT devices are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an infringing ECIT device supposing it to be the design claimed in the 'D314 and 'D316 patents. Defendant Procell has thus infringed and continues to infringe through the manufacture, use, offer for sale, sale, and/or importation of the Procell ECIT devices based on the 'D314 and 'D316 patent without Claire Marquez's permission since March 2014:

///

///

///

///

///



| View | 'D314 | 'D314 | Accused Products |
|------|-------|-------|------------------|
| Figs. 1 and 4 | | | |



| View | 'D316 | 'D316 | Accused Products |
|------|-------|-------|------------------|
| Figs. 1, 3 and 4 | | | |

44. As the exemplary side-by-side comparisons reveal, Defendant Procell has misappropriated Marquez' patented micro-needling tattoo machine designs in the Procell ECIT devices.

45. Defendant Procell offered for sale and sold infringing ECIT devices to the other named Defendants. The comparison above is representative of all the accused ECIT devices insofar as each other Defendant purchased a Procell ECIT device from Defendant Procell.

46. Each Defendant has thus also infringed and continues to infringe, and have induced and continue to induce infringement of, one or more claims of Marquez's U.S. Patent No.

D726,314 ("the 'D314 patent") and U.S. Patent No. D726,316 ("the 'D316 patent") at least by importing, selling and offering to sell or provide services utilizing infringing Procell ECIT devices, shipping, and instructing on how to use the Procell ECIT devices.

47.     By way of example, Defendant AMASC offers to sell and on information and belief sells and performs services with infringing ECIT devices on its website, https://acuitymaasc.com/skin-care-services/pro-cell-professional-microneedling-stem-cell-science/; Defendant ADT offers to sell and on information and belief sells and performs services with infringing ECIT devices on its website, https://www.advanceddermalaser.com/microneedling; Defendant Chase Lay offers to sell and on information and belief sells and performs services with infringing ECIT devices on its website, https://www.chaselaymd.com/plastic-surgery-services-san-jose/non-surgical-face/procell/; Defendant Raecera offers to sell and on information and belief sells and performs services with infringing ECIT devices on its website, https://www.raecera.com/procell-microchanneling; and Defendant TAC Liquidation still offers to sell and on information and belief sells and performs services with infringing ECIT devices on its website, https://www.raecera.com/procell-microchanneling.

48.     Plaintiff seeks monetary damages, attorney's fees, costs, and exemplary damages for willfulness as well as injunctive relief against further design patent infringement.

49.     The Photographs are original works to which Plaintiff Marquez is the sole copyright owner, holds the exclusive rights to reproduce, publicly distribute, and publicly display, pursuant to 17 U.S.C. §§ 106 and 501.

50.     The Photographs were not "works for hire," and Plaintiff incurred time and expense in creating the copyrighted works.

51.     Within the last three years, Plaintiff discovered that Defendant Procell was using the registered copyrighted works (Photographs), without authorization or permission from Plaintiff, and such Photographs were unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed commercially, including but not limited to, a local and global audience on the World Wide Web via, inter alia, https://procelltherapies.com/results/ (the "Website") and, inter alia, as well as on its Facebook social media webpage https://m.facebook.com/ProCellTherapies/posts/3041683145895036:0:



52.     Plaintiff is informed and believes that Defendant Procell unlawfully copied/reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed the Photographs, including but not limited to, a global audience on the World Wide Web via, inter alia, the Website, the Blog and its social media web pages, in order to market and advertise itself and to market, advertise and sell products and services, and to otherwise generate business and profits.

53.     At all relevant times, Defendant Procell did not have a license or permission to use, display, distribute, copy, or reproduced the Photographs.

54.     Plaintiff is informed and believes that the Photographs were registered prior to Defendant Procell's first acts of infringements as alleged herein.

55. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading and/or downloading caused and/or contributed to Defendant AMASC the uploading/downloading, publicly displaying and distributing to a global audience on the World Wide Web via the Photographs on the following https://acuitymaasc.com/skin-care-services/pro-cell-professional-microneedling-stem-cell-science/.

56. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading and/or downloading caused and/or contributed to Defendant ADT the uploading/downloading, publicly displaying and distributing to a global audience on the World Wide Web via the Photographs on the following https://www.advanceddermalaser.com/microneedling.

57. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading and/or downloading caused and/or contributed to Defendant Chase Lay the uploading/downloading, publicly displaying and distributing to a global audience on the World Wide Web via the Photographs on the following https://www.chaselaymd.com/plastic-surgery-services-san-jose/non-surgical-face/procell/.

58. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading and/or downloading caused and/or contributed to Defendant Raecera the uploading/downloading, publicly displaying and distributing to a global audience on the World Wide Web via the Photographs on the following https://www.raecera.com/procell-microchanneling.

59. Plaintiff is informed and believes that Defendants' unlawful copying/reproduction, uploading and/or downloading caused and/or contributed to Defendant TAC Liquidation the uploading/downloading, publicly displaying and distributing to a global audience on the World

Wide Web via the Photographs on the following https://www.theagelesscenter.com/microneedling-atlanta/.

60.     Plaintiff is further informed and believes that Defendants at all relevant times acted willfully and with actual and/or constructive knowledge that they were infringing Plaintiff's copyrights and/or acted with reckless disregard for the high probability that they were infringing Plaintiff's copyrights in that they were aware that they did not have a license or consent to use the Photographs in the manner in which they were used.

61.     Plaintiff is further informed and believes Defendants brazenly continued to infringe Plaintiff's copyrights by using the Photographs Defendants knew belong to Plaintiff, constituting willful copyright infringement and forcing Plaintiff to file this suit to seek redress.

62.     Plaintiff is informed and believes that Defendant Procell's infringing conduct materially contributed to and/or induced the infringing conduct by others.

63.     Plaintiff is further informed and believes that Defendant Procell materially contributed to and/or induced the infringements by others with actual and/or constructive knowledge of the infringing activity since Defendant Procell knew that neither Defendant Procell nor the other Defendants or third parties had a license and/or consent to use the Photographs in the manner in which they were used.

64.     Plaintiff is further informed and believes that Defendants obtained a direct financial benefit from the direct infringements of others occurring on third party websites in that the Photographs were used to market, promote, to sell Defendants' skin revitalization products and services and to otherwise generate business.

65.     Plaintiff is informed and believes that Defendants' conduct constitutes secondary copyright infringement (contributory, inducement, and vicarious) of the direct infringements by

others.

66.     Defendants' unauthorized copying/reproducing, uploading/downloading, public display, and distribution as alleged herein has caused Plaintiff damages.

67.     Defendants have shown they intend to continue, unless restrained, using Plaintiff's copyrighted Photographs, willfully infringing, and causing irreparable damages to Plaintiff for which there is no adequate remedy at law.

68.     Defendants' unlawful uses of copies of the Photographs have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiff.

69.     Defendants' unlawful acts are and have been impairing the value of Plaintiff's own photographic works.

70.     Plaintiff is entitled to a preliminary and permanent injunction that would restrain Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy at law.

71.     Defendants, by their unauthorized appropriation and use of Plaintiff's Photographs, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's Photographs.

## COUNT I:
### Infringement of the '314 Patent By Procell and Schwartz

72.     Marquez incorporates the foregoing paragraphs by reference as though set forth fully herein.

73.     Defendants Procell and Schwartz have directly and indirectly infringed and is

currently directly and indirectly infringing the 'D314 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority, products and equipment that embody one or more claims of the 'D314 patent, including but not limited to the Procell Electro Collagen Induction Therapy (ECIT) devices.

74. Defendant Procell and Schwartz have manufactured, used, imported, offered for sale and/or sold in the United States products or services which infringe the 'D314 patent. By way of example, the accused Procell ECIT devices sold by Defendant Procell includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

75. As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D314 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Procell's and Schwartz's ECIT devices that are obtained during discovery:

**"ProCell Therapies offers cutting-edge biotechnology to induce a breathtaking transformation to the appearance of the skin that can last a lifetime."**



76.     Defendant Procell and Schwartz have had actual knowledge of Marquez's rights in the 'D314 patent and details of Defendant Procell's and Schwartz's infringement of the 'D314 patent since as early as 2013 and as late as at least the filing and service of this Complaint.

77.     Defendant Procell and Schwartz manufactures, uses, imports, offers for sale, and/or sells ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce Defendant Procell's and Schwartz's retail partners and end users to infringe the 'D314 patent by at least using and/or selling the Procell ECIT devices in violation of 35 U.S.C. § 271.

78.     Despite Defendant Procell's and Schwartz's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Procell's and Schwartz' actions constituted infringement, Defendant Procell and Schwartz failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

79.     Defendant Procell's and Schwartz's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

80.     Defendant Procell's and Schwartz's infringement of the 'D314 patent is willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

81.     Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT II:
## Infringement of the '316 Patent by Procell

82.     Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

83.     Defendant Procell and Schwartz have also manufactured, used, imported, offered for sale and/or sold in the United States products with ornamental designs that infringe the 'D316 patent. By way of example, the accused product sold by Defendant Procell and Schwartz, includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

84.     As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Procell devices that are obtained during discovery:

**MicroChanneling Tips**



– Three "spot" sizes: Small, Medium & Large –
– Design prevents "blowback" and cross-contamination –
– Lengths available in 0.25mm, 0.5mm, 1.0mm or 1.5mm –

85.     Defendant Procell and Schwartz have had actual knowledge of Marquez's rights in the 'D316 patent and details of their infringement of the 'D316 patent since as early as 2013 and as late as at least the filing and service of this Complaint.

86.     Despite Defendant Procell's and Schwartz's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Procell's and Schwartz's actions constituted infringement, Defendants failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

87.     Defendant Procell and Schwartz manufactures, uses, imports, offers for sale, and/or sells ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant Procell's and Schwartz's retail partners and end users to infringe the 'D316 patent by at least using and/or selling the Procell ECIT devices in violation of 35 U.S.C. § 271.

88.     Defendant Procell's and Schwartz's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

89.     As a result of Defendant Procell's and Schwartz's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

90.     Defendant Procell's and Schwartz's infringement of the 'D316 patent is willful

design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

91. Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT III:

### Infringement of the '314 Patent By Defendant AMASC

92. Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

93. Defendant AMASC has directly infringed and is currently directly infringing the 'D314 patent by using, selling, offering for sale, and/or importing into the United States, without authority services that utilize products and equipment that embody one or more claims of the 'D314 patent, including but not limited to the Procell Electro Collagen Induction Therapy (ECIT) devices purchased by Defendant AMASC from Defendant Procell.

94. Defendant AMASC has used and is using, offering for sale and/or selling in the United States services with a ECIT device which infringe the 'D314 patent. By way of example, the accused ECIT devices sold by Defendant Procell to Defendant AMASC for the provision of electro collagen induction therapy with Defendant AMASC's customers includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

95. As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device provided by Defendant AMASC are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D314 patent. Marquez reserves the right to modify this description, including, for example,

on the basis of information about Defendant AMASC's ECIT devices that are obtained during discovery.

96.     Defendant AMASC has had actual knowledge of Marquez's rights in the 'D314 patent and details of its infringement of the 'D314 patent since as late as the filing and service of this Complaint.

97.     Defendant AMASC uses, imports, offers for sale, and/or sells services that improperly use ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce end users to infringe the 'D314 patent by at least using and/or selling infringing ECIT devices or services with ECIT devices in violation of 35 U.S.C. § 271.

98.     Despite Defendant AMASC's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant AMASC's actions constituted infringement, Defendant AMASC failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

99.     Defendant AMASC's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

100.     Defendant AMASC's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

101.     Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT IV:
## Infringement of the '316 Patent by Defendant AMASC

102.    Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

103.    Defendant AMASC has used, imported, offered for sale and/or sold in the United States services that utilize products with ornamental designs that infringe the 'D316 patent. By way of example, the accused ECIT product purchased by Defendant AMASC from Defendant Procell includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

104.    As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device offered by Defendant AMASC are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase services with an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant AMASC's devices used in the provision of services that are obtained during discovery.

105.    Defendant AMASC has had actual knowledge of Marquez's rights in the 'D316 patent and details of its infringement of the 'D316 patent since as late as at least the filing and service of this Complaint.

106.    Despite Defendant AMASC's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant AMASC's actions constituted infringement, Defendant AMASC failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

107.     Defendant AMASC uses, imports, offers for sale, and/or sells services utilizing ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant AMASC's end users to infringe the 'D316 patent by at least using and/or selling the ECIT devices in violation of 35 U.S.C. § 271.

108.     Defendant AMASC's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

109.     As a result of Defendant AMASC's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

110.     Defendant AMASC's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

111.     Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT V:
## Infringement of the '314 Patent By ADT

112.     Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

113.     Defendant ADT has directly infringed and is currently directly infringing the 'D314 patent by using, selling, offering for sale, and/or importing into the United States, without authority services that utilize products and equipment that embody one or more claims of the 'D314 patent,

including but not limited to the Electro Collagen Induction Therapy (ECIT) devices purchased by Defendant ADT from Defendant Procell.

114. Defendant ADT has used and is using, offering for sale and/or selling in the United States services with a ECIT device which infringe the 'D314 patent. By way of example, the accused ECIT devices sold by Defendant Procell to Defendant ADT for the provision of electro collagen induction therapy with Defendant ADT's customers includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

115. As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device provided by Defendant ADT are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D314 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant ADT's ECIT devices that are obtained during discovery.

116. Defendant ADT has had actual knowledge of Marquez's rights in the 'D314 patent and details of its infringement of the 'D314 patent since as late as the filing and service of this Complaint.

117. Defendant ADT uses, imports, offers for sale, and/or sells services that improperly use ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce end users to infringe the 'D314 patent by at least using and/or selling infringing ECIT devices or services with ECIT devices in violation of 35 U.S.C. § 271.

118.    Despite Defendant ADT's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant ADT's actions constituted infringement, Defendant ADT failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

119.    Defendant ADT's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

120.    Defendant ADT's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

121.    Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT VI:

## Infringement of the '316 Patent by Defendant ADT

122.    Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

123.    Defendant ADT has used, imported, offered for sale and/or sold in the United States services that utilize products with ornamental designs that infringe the 'D316 patent. By way of example, the accused ECIT product purchased by Defendant ADT from Defendant Procell includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

124.    As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device offered by Defendant ADT are substantially the same, with resemblance such as to deceive an ordinary

observer, inducing him or her to purchase services with an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant ADT's devices used in the provision of services that are obtained during discovery.

125.    Defendant ADT has had actual knowledge of Marquez's rights in the 'D316 patent and details of its infringement of the 'D316 patent since as late as at least the filing and service of this Complaint.

126.    Despite Defendant ADT's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant ADT's actions constituted infringement, Defendant ADT failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

127.    Defendant ADT uses, imports, offers for sale, and/or sells services utilizing ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant ADT's end users to infringe the 'D316 patent by at least using and/or selling the ECIT devices in violation of 35 U.S.C. § 271.

128.    Defendant ADT's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

129.    As a result of Defendant ADT's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

130. Defendant ADT's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

131. Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT VII:

## Infringement of the '314 Patent By Defendant Chase Lay

132. Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

133. Defendant Chase Lay has directly infringed and is currently directly infringing the 'D314 patent by using, selling, offering for sale, and/or importing into the United States, without authority services that utilize products and equipment that embody one or more claims of the 'D314 patent, including but not limited to the Electro Collagen Induction Therapy (ECIT) devices purchased by Defendant Chase Lay from Defendant Procell.

134. Defendant Chase Lay has used and is using, offering for sale and/or selling in the United States services with a ECIT device which infringe the 'D314 patent. By way of example, the accused ECIT devices sold by Defendant Procell to Defendant Chase Lay for the provision of electro collagen induction therapy with Defendant Chase Lay's customers includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

135. As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device provided by Defendant Chase Lay are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in

the 'D314 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Chase Lay's ECIT devices that are obtained during discovery.

136.    Defendant Chase Lay has had actual knowledge of Marquez's rights in the 'D314 patent and details of its infringement of the 'D314 patent since as late as the filing and service of this Complaint.

137.    Defendant Chase Lay uses, imports, offers for sale, and/or sells services that improperly use ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce end users to infringe the 'D314 patent by at least using and/or selling infringing ECIT devices or services with ECIT devices in violation of 35 U.S.C. § 271.

138.    Despite Defendant Chase Lay's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Chase Lay's actions constituted infringement, Defendant Chase Lay failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

139.    Defendant Chase Lay's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

140.    Defendant Chase Lay's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

141.    Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT VIII:

## Infringement of the '316 Patent by Defendant Chase Lay

142.  Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

143.  Defendant Chase Lay has used, imported, offered for sale and/or sold in the United States services that utilize products with ornamental designs that infringe the 'D316 patent. By way of example, the accused ECIT product purchased by Defendant Chase Lay from Defendant Procell includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

144.  As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device offered by Defendant Chase Lay are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase services with an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Chase Lay's devices used in the provision of services that are obtained during discovery.

145.  Defendant Chase Lay has had actual knowledge of Marquez's rights in the 'D316 patent and details of its infringement of the 'D316 patent since as late as at least the filing and service of this Complaint.

146.  Despite Defendant Chase Lay's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Chase Lay's actions constituted infringement, Defendant Chase Lay failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

147. Defendant Chase Lay uses, imports, offers for sale, and/or sells services utilizing ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant Chase Lay's end users to infringe the 'D316 patent by at least using and/or selling the ECIT devices in violation of 35 U.S.C. § 271.

148. Defendant Chase Lay's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

149. As a result of Defendant Chase Lay's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

150. Defendant Chase Lay's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

151. Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

### COUNT IX:
### Infringement of the '314 Patent By Defendant Raecera

152. Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

153. Defendant Raecera has directly infringed and is currently directly infringing the 'D314 patent by using, selling, offering for sale, and/or importing into the United States, without authority services that utilize products and equipment that embody one or more claims of the

'D314 patent, including but not limited to the Electro Collagen Induction Therapy (ECIT) devices purchased by Defendant Raecera from Defendant Procell.

154.     Defendant Raecera has used and is using, offering for sale and/or selling in the United States services with a ECIT device which infringe the 'D314 patent. By way of example, the accused ECIT devices sold by Defendant Procell to Defendant Raecera for the provision of electro collagen induction therapy with Defendant Raecera's customers includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

155.     As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device provided by Defendant Raecera are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D314 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Raecera's ECIT devices that are obtained during discovery.

156.     Defendant Raecera has had actual knowledge of Marquez's rights in the 'D314 patent and details of its infringement of the 'D314 patent since as late as the filing and service of this Complaint.

157.     Defendant Raecera uses, imports, offers for sale, and/or sells services that improperly use ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce end users to infringe the 'D314 patent by at least using and/or selling infringing ECIT devices or services with ECIT devices in violation of 35 U.S.C. § 271.

158.     Despite Defendant Raecera's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Raecera's actions constituted infringement, Defendant Raecera failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

159.     Defendant Raecera's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

160.     Defendant Raecera's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

161.     Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT X:

### Infringement of the '316 Patent by Defendant Raecera

162.     Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

163.     Defendant Raecera has used, imported, offered for sale and/or sold in the United States services that utilize products with ornamental designs that infringe the 'D316 patent. By way of example, the accused ECIT product purchased by Defendant Raecera from Defendant Procell includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

164.     As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device offered by

Defendant Raecera are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase services with an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant Raecera's devices used in the provision of services that are obtained during discovery.

165.    Defendant Raecera has had actual knowledge of Marquez's rights in the 'D316 patent and details of its infringement of the 'D316 patent since as late as at least the filing and service of this Complaint.

166.    Despite Defendant Raecera's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant Raecera's actions constituted infringement, Defendant Raecera failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

167.    Defendant Raecera uses, imports, offers for sale, and/or sells services utilizing ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant Raecera's end users to infringe the 'D316 patent by at least using and/or selling the ECIT devices in violation of 35 U.S.C. § 271.

168.    Defendant Raecera's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

169.    As a result of Defendant Raecera's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted

under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

170.    Defendant Raecera's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

171.    Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT XI:

## Infringement of the '314 Patent By Defendant TAC Liquidation

172.    Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

173.    Defendant TAC Liquidation has directly infringed and is currently directly infringing the 'D314 patent by using, selling, offering for sale, and/or importing into the United States, without authority services that utilize products and equipment that embody one or more claims of the 'D314 patent, including but not limited to the Electro Collagen Induction Therapy (ECIT) devices purchased by Defendant TAC Liquidation from Defendant Procell.

174.    Defendant TAC Liquidation has used and is using, offering for sale and/or selling in the United States services with a ECIT device which infringe the 'D314 patent. By way of example, the accused ECIT devices sold by Defendant Procell to Defendant TAC Liquidation for the provision of electro collagen induction therapy with Defendant TAC Liquidation's customers includes the ornamental design of a micro-needling tattoo machine as claimed by the 'D314 patent.

175.    As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine as claimed in the 'D314 patent and the accused ECIT device provided by Defendant

TAC Liquidation are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase an accused ECIT device supposing it to be the design claimed in the 'D314 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant TAC Liquidation's ECIT devices that are obtained during discovery.

176. Defendant TAC Liquidation has had actual knowledge of Marquez's rights in the 'D314 patent and details of its infringement of the 'D314 patent since as late as the filing and service of this Complaint.

177. Defendant TAC Liquidation uses, imports, offers for sale, and/or sells services that improperly use ECIT devices with actual knowledge of and at a minimum willful blindness to the fact that its actions induced and will induce end users to infringe the 'D314 patent by at least using and/or selling infringing ECIT devices or services with ECIT devices in violation of 35 U.S.C. § 271.

178. Despite Defendant TAC Liquidation's knowledge of the 'D314 patent, the validity of the 'D314 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant TAC Liquidation's actions constituted infringement, Defendant TAC Liquidation failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D314 patent.

179. Defendant TAC Liquidation's infringement of the 'D314 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court..

180. Defendant TAC Liquidation's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling

Marquez to enhanced damages and attorneys' fees

181. Marquez is entitled to injunctive relief, damages and enhanced damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT XII:

## Infringement of the '316 Patent by TAC Liquidation

182. Plaintiff incorporates the foregoing paragraphs by reference as though set forth fully herein.

183. Defendant TAC Liquidation has used, imported, offered for sale and/or sold in the United States services that utilize products with ornamental designs that infringe the 'D316 patent. By way of example, the accused ECIT product purchased by Defendant TAC Liquidation from Defendant Procell includes an ornamental design of a micro needling tattoo head as claimed in the 'D316 patent.

184. As just one non-limiting example, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for the micro-needling tattoo machine head as claimed in the 'D316 patent and the accused ECIT device offered by Defendant TAC Liquidation are substantially the same, with resemblance such as to deceive an ordinary observer, inducing him or her to purchase services with an accused ECIT device supposing it to be the design claimed in the 'D316 patent. Marquez reserves the right to modify this description, including, for example, on the basis of information about Defendant TAC Liquidation's devices used in the provision of services that are obtained during discovery.

185. Defendant TAC Liquidation has had actual knowledge of Marquez's rights in the 'D316 patent and details of its infringement of the 'D316 patent since as late as at least the filing and service of this Complaint.

186.     Despite Defendant TAC Liquidation's knowledge of the 'D316 patent, the validity of the 'D316 patent, and the objectively high likelihood, i.e., it was so obvious, that Defendant TAC Liquidation's actions constituted infringement, Defendant TAC Liquidation failed to exercise reasonable care to avoid committing further acts of direct or indirect infringement of the 'D316 patent.

187.     Defendant TAC Liquidation uses, imports, offers for sale, and/or sells services utilizing ECIT devices with knowledge of or willful blindness to the fact that its actions will induce Defendant TAC Liquidation's end users to infringe the 'D316 patent by at least using and/or selling the ECIT devices in violation of 35 U.S.C. § 271.

188.     Defendant TAC Liquidation's infringement of the 'D316 patent has caused, and is continuing to cause, damage and irreparable injury to Marquez, and Marquez will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

189.     As a result of Defendant TAC Liquidation's infringement of the 'D316 patent, Marquez has suffered and will continue to suffer damages. Marquez is entitled to recover damages adequate to compensate her for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

190.     Defendant TAC Liquidation's continued infringement following the filing of this lawsuit constitutes willful design patent infringement making this an exceptional case and entitling Marquez to enhanced damages and attorneys' fees.

191.     Marquez is thus entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, 284 and 289.

## COUNT XIII:

### Direct Copyright Infringement By All Defendants

192.     Marquez repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

193.     Marquez owns all rights, titles, and interests in and to the copyright for the Photographs, the use of which has not been licensed or otherwise authorized to the Defendants.

194.     Under Section 106 of the Copyright Act Marquez has the distinct, severable and exclusive rights, inter alia, to reproduce, distribute, and publicly display the Photographs. .

195.     Within the last three years, Marquez discovered that each Defendant, without Marquez's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, or made available for distribution, and/or facilitated the unauthorized distribution of the unauthorized copies of the Photograph, and/or (3) publicly displayed, made available for, and/or facilitated the unauthorized public display of the Photographs.

196.     By way of non-limiting examples, Defendant Procell and Schwartz committed unlawful acts of copying uploading, displaying and distributing the Photographs on at least its website, https://procelltherapies.com/results/, and on its Facebook social media webpage https://m.facebook.com/ProCellTherapies/posts/3041683145895036:0; Defendant AMASC committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://acuitymaasc.com/skin-care-services/pro-cell-professional-microneedling-stem-cell-science/; Defendant ADT committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.advanceddermalaser.com/microneedling; Defendant Chase Lay committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully

obtained from Defendant Procell and Schwartz on its website: https://www.chaselaymd.com/plastic-surgery-services-san-jose/non-surgical-face/procell/; Defendant Raecera committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.raecera.com/procell-microchanneling; and Defendant TAC Liquidation committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell on its website: https://www.theagelesscenter.com/microneedling-atlanta/.

197. Marquez is informed and believes the Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because each Defendant knew or recklessly failed to know that it did not have the right to use the Photographs in the manner in which they used them.

198. Defendants' conduct alleged above constitutes willful direct infringement of Marquez's copyrights and exclusive rights under the copyright in the Photographs in violation of §§ 106 and 501 of the Copyright Act.

199. As a direct and proximate result of Defendants' wrongful acts, Marquez has suffered and continues to suffer lost profits and damages. Defendants' unlawful use of Marquez's Photographs has diminished the value of the original Photographs by, inter alia, displaying and distributing the Photographs with infringing products.

200. As a direct and proximate result of Defendants' infringements, Marquez was damaged and is entitled to recover from Defendants her actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b). At present, the amounts of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial.

201.    Alternatively, to the extent that Defendants used the Photographs after the Photographs were registered, or statutory damage are otherwise available, at Marquez's election, Marquez is entitled to the maximum statutory damages of up to $150,000.00 per infringement against each Defendant for its infringements and/or the infringements for which they are liable jointly and severally, pursuant to 17 U.S.C. § 504(c), or such other amounts as may be proper. Marquez is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

202.    Marquez is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Marquez for which he has no adequate remedy at law.

## COUNT XIII:

## Secondary Copyright Infringement By Defendant Procell and Schwartz

203.    Marquez incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

204.    By the actions alleged above, Defendant Procell and Schwartz had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendant Procell and Schwartz had no right to copy, upload, display distribute or download the Photographs.

205.    Marquez is informed and believes Defendant Procell and Schwartz continued to infringe on Marquez's copyrights by continuing to copy, upload, publicly display and distribute the Photographs even after receiving constructive and/or actual knowledge of the infringing activity.

206.    Marquez is informed and believes by the actions alleged above, Defendant Procell and Schwartz knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement by the other Defendants—Defendant AMASC,

Defendant ADT, Defendant Chase Lay, Defendant Raecera and Defendant TAC Liquidation, who but for Defendant Procell's and Schwartz's acts of copying, uploading, displaying and distributing the Photographs on *inter alia* its website and social media web pages would never have obtained the Photographs and further copied, displayed, publicized, and distributed, the Photographs without Marquez's permission to a global audience via the World Wide Web.

207.    By way of non-limiting examples, Defendant AMASC committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://acuitymaasc.com/skin-care-services/pro-cell-professional-microneedling-stem-cell-science/; Defendant ADT committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.advanceddermalaser.com/microneedling; Defendant Chase Lay committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.chaselaymd.com/plastic-surgery-services-san-jose/non-surgical-face/procell/; Defendant Raecera committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.raecera.com/procell-microchanneling; and Defendant TAC Liquidation committed unlawful acts of copying uploading, displaying and distributing the Photographs it unlawfully obtained from Defendant Procell and Schwartz on its website: https://www.theagelesscenter.com/microneedling-atlanta/.

208.    Defendant Procell's and Schwartz's conduct constitutes contributory and induced infringement of Marquez's copyrights and exclusive rights in the Photographs in violation of 17 U.S.C. § 106 and 501.

209. Marquez is further informed and believes that Defendant Procell and Schwartz had the right and ability to control and/or supervise the infringing conduct by the other Defendants, including but not limited to, by giving these Defendants consent to copy, upload, publicly display and/or distribute the Photographs to market, advertise, promote and/or sell Defendants' ECIT services.

210. Marquez is further informed and believes that Defendant Procell and Schwartz obtained a direct financial benefit from the direct infringement by the other Defendants who used the infringing Photographs to market, advertise, promote and/or sell Defendant Procell's ECIT devices and/or to market, advertise, promote and/or sell Defendants' services with ECIT devices and otherwise generate revenue for Defendants.

211. Plaintiff is informed and believes Defendant Procell's and Schwartz's conduct constitutes vicarious copyright infringement of Marquez's copyrights and exclusive rights in the Photographs in violation of 17 U.S.C. § 106 and 501.

212. Marquez is informed and believes that Defendant Procell's and Schwartz's acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Marquez's rights in that Defendant Procell and Schwartz knew or recklessly failed to know that neither it (nor the other Defendants) had the right to use the Photographs in the manner in which they were used.

213. As a direct and proximate result of Defendant Procell's and Schwartz's infringements, Marquez was damaged and is entitled to recover from Defendant Procell and/or Schwartz the damages, including attorney's fees, she has sustained and will sustain, and any gains, profits and advantages obtained by Defendant Procell and/or Schwartz as a result of its acts of infringement alleged above. At present, the amounts of damages, gains, profits and advantages

cannot be fully ascertained by Marquez, but will be established according to proof at trial. Marquez also seeks to recover statutory damages for Defendant Procell's and Schwartz's infringement of her copyrights of up to $150,000.00 per infringement.

214. Marquez is entitled to a preliminary and permanent injunction, restraining Defendant Procell and Schwartz from engaging in further acts of copyright infringement and causing irreparable damage to Marquez for which he has no adequate remedy at law.

## JURY DEMAND

**215.** Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Marquez respectfully demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. A judgment that each Defendant's manufacture, use, sale, offer for sale and/or import of Electro Collagen Induction Therapy (ECIT) devices directly infringe, literally or under the doctrine of equivalents, either directly or indirectly, a claim of the '314 patent;

b. A judgment that each Defendant's manufacture, use, sale, offer for sale and/or import of Electro Collagen Induction Therapy (ECIT) devices directly infringe, literally or under the doctrine of equivalents, either directly or indirectly, a claim of the 'D316 patent;

c. A judgement awarding Plaintiff all damages adequate to compensate Plaintiff for each Defendant's infringement of the 'D314 and 'D316 patents;

d. A judgement awarding Plaintiff all of each Defendant's profits as provided for in 35 U.S.C. § 289;

e.  A judgment finding Plaintiff is the prevailing party. that this is an exceptional case, and awarding Plaintiff her expenses, disbursements, and reasonable attorney's fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

f.  A judgement and order, in accordance with 35 U.S.C. § 283, that each Defendant and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the 'D314 and 'D316 patents and (2) making, using, selling, and offering for sale Electro Collagen Induction Therapy (ECIT) devices;

g.  A judgement that each Defendant's use of Plaintiff's copyrighted images violates directly and/or indirectly 17 U.S.C. §§ 106 and 501 of the Copyright Act;

h.  A judgment and order that each Defendant and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing Plaintiff's copyrighted photographs; and (2) the seizure of all property made in, or used to assist in the violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. § 503, including, but not limited to, all copies of the copyrighted photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the copyrighted photographs;

i.  A judgment awarding Plaintiff's actual damages sufficient to compensate Plaintiff for each Defendant's infringement of copyrighted Photographs;

j.  For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct;

k.  For the maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act to the extent that the Photographs were used after registration;

l.  An award of Plaintiff's costs of suit and reasonable attorneys' fees; and

m.  Such other relief as this Court or a jury may deem proper and just under the circumstances.

DATED: October 8, 2021

Respectfully submitted,

/s/ Mateo Z. Fowler
Mateo Z. Fowler
State Bar No. 24062726
mateofowler@mzflaw.com
**MZF LAW FIRM, PLLC**
1105 Nueces Street, Ste. A
Austin, TX 78701
Telephone: (281) 546-5172

**ATTORNEYS FOR PLAINTIFF**

DATED:  October 8, 2021,                    ORTIZ & LOPEZ, PLLC

/s/ Luis M. Ortiz
Luis M. Ortiz
Texas Bar # 24085807
6605 Uptown Blvd NE, Suite 240
Albuquerque, NM 87110
Telephone: (505) 314-1310
Fax: (505) 314-1307
lortiz@olpatentlaw.com

*Counsel for Plaintiff*

# Exhibit A



US00D726314S

(12) **United States Design Patent** (10) Patent No.: **US D726,314 S**
Marquez (45) Date of Patent: ** Apr. 7, 2015

(54) **MICRO-NEEDLING TATTOO MACHINE**

(71) Applicant: **Claire A. Marquez**, Miami, FL (US)

(72) Inventor: **Claire A. Marquez**, Miami, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/470,666**

(22) Filed: **Oct. 23, 2013**

(51) **LOC (10) Cl.** ............................................... **24-02**
(52) **U.S. Cl.**
USPC ....................................................... **D24/144**
(58) **Field of Classification Search**
USPC .............. D24/144, 170, 146; 81/9.22; 606/9,
606/185–186; 604/47
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,204,438 A | * | 5/1980 | Binaris et al. .................. 81/9.22 |
| 4,914,988 A | * | 4/1990 | Chang ............................. 81/9.22 |
| 5,279,552 A | * | 1/1994 | Magnet ........................... 604/47 |
| 6,033,421 A | * | 3/2000 | Theiss et al. .................. 606/186 |

| | | | |
|---|---|---|---|
| 7,695,486 B2 | * | 4/2010 | Dixon ............................. 606/186 |
| 8,414,531 B2 | * | 4/2013 | Oginski et al. ................. 606/186 |
| 2008/0208235 A1 | * | 8/2008 | Ulmer et al. .................. 606/186 |

* cited by examiner

*Primary Examiner* — Wan Laymon
(74) *Attorney, Agent, or Firm* — QuickPatents; Kevin Prince

(57) **CLAIM**

I claim the ornamental design for a micro-needling tattoo machine, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a micro-needling tattoo machine, showing my new design;
FIG. **2** is a bottom plan view thereof;
FIG. **3** is a top plan view thereof;
FIG. **4** is a right-side elevational view thereof, the left-side elevational view being a mirror image thereof;
FIG. **5** is a rear elevational view thereof; and,
FIG. **6** is a front elevational view thereof.
The broken lines in FIGS. **2** and **5** depict environmental matter that forms no part of the claimed design.

**1 Claim, 2 Drawing Sheets**





**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4**



**FIG. 5**



**FIG. 6**

# Exhibit B



US00D726316S

(12) **United States Design Patent**    (10) **Patent No.:**    **US D726,316 S**
Marquez    (45) **Date of Patent:**    **   **Apr. 7, 2015**

(54) **MICRO-NEEDLING TATTOO HEAD**

(71) Applicant: **Claire A. Marquez**, Miami, FL (US)

(72) Inventor: **Claire A. Marquez**, Miami, FL (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/470,663**

(22) Filed: **Oct. 23, 2013**

(51) **LOC (10) Cl.** ................................... **24-02**
(52) **U.S. Cl.**
USPC ........................................ **D24/146**; D24/133
(58) **Field of Classification Search**
USPC ............... D24/133, 144, 146–147, 214–215;
D28/59, 62, 14–15, 18; 132/76.4;
600/556; 604/46–47, 22, 117, 173,
604/289, 264, 272; 606/185–186
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D369,411 S * | 4/1996 | Holt | D24/147 |
| 6,440,096 B1 * | 8/2002 | Lastovich et al. | 604/27 |
| 6,918,901 B1 * | 7/2005 | Theeuwes et al. | 604/22 |
| 7,186,235 B2 * | 3/2007 | Martin et al. | 604/22 |
| 7,455,654 B2 * | 11/2008 | Cormier et al. | 604/46 |
| 8,821,446 B2 * | 9/2014 | Trautman et al. | 604/173 |
| 2007/0078376 A1 * | 4/2007 | Smith | 604/46 |
| 2008/0208134 A1 * | 8/2008 | Tomono | 604/173 |
| 2008/0294116 A1 * | 11/2008 | Wolter et al. | 604/173 |
| 2009/0099502 A1 * | 4/2009 | Tokumoto et al. | 604/22 |
| 2009/0137945 A1 * | 5/2009 | Marquez | 604/46 |
| 2013/0012882 A1 * | 1/2013 | Quan et al. | 604/173 |
| 2014/0128685 A1 * | 5/2014 | Na | 604/22 |

* cited by examiner

*Primary Examiner* — Wan Laymon

(74) *Attorney, Agent, or Firm* — QuickPatents; Kevin Prince

(57) **CLAIM**

I claim the ornamental design for a micro-needling tattoo head, as shown and described.

**DESCRIPTION**

FIG. **1** is a bottom perspective view of a micro-needling tattoo head, showing a first embodiment of my new design;

FIG. **2** is a top perspective view of FIG. **1**;

FIG. **3** is a bottom plan view of FIG. **1**;

FIG. **4** is a top plan view of FIG. **1**;

FIG. **5** is a front elevational view of FIG. **1**;

FIG. **6** is a rear elevational view of FIG. **1**;

FIG. **7** is a left-side elevational view of FIG. **1**, the right-side elevational view being a mirror image thereof;

FIG. **8** is a bottom perspective view of a second embodiment thereof;

FIG. **9** is a top perspective view of FIG. **8**;

FIG. **10** is a bottom plan view of FIG. **8**;

FIG. **11** is a top plan view of FIG. **8**; and

FIG. **12** is a front elevational view of FIG. **8**, the rear elevational view, left-side elevational view, and right-side elevational view all being identical thereto;

FIG. **13** is a bottom perspective view of a third embodiment thereof;

FIG. **14** is a top perspective view of FIG. **13**;

FIG. **15** is a bottom plan view of FIG. **13**;

FIG. **16** is a top plan view of FIG. **13**; and,

FIG. **17** is a front elevational view of FIG. **13**, the rear elevational view, left-side elevational view, and right-side elevational view all being identical thereto.

It is understood that the contrasting shading on an outer ring of the design represents a contrasting color to a needle disk of the design.

**1 Claim, 4 Drawing Sheets**







FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5



FIG. 6



FIG. 7



FIG. 8

FIG. 9

FIG. 10

FIG. 11

FIG. 12



FIG. 13



FIG. 14



FIG. 15



FIG. 16



FIG. 17

Exhibit C

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



Acting United States Register of Copyrights and Director



**Registration Number**

## VA 2-210-116

**Effective Date of Registration:**
July 15, 2020
**Registration Decision Date:**
July 16, 2020

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

**For Photographs Published:** July 01, 2010 to July 30, 2010

## Title

**Title of Group:** Claire Marquez ECIT Collection
**Number of Photographs in Group:** 17

## Completion/Publication

**Year of Completion:** 2010
**Earliest Publication Date in Group:** July 01, 2010
**Latest Publication Date in Group:** July 30, 2010
**Nation of First Publication:** United States

## Author

· **Author:** Claire A Marquez
**Author Created:** photographs
**Work made for hire:** No
**Citizen of:** United States
**Domiciled in:** United States
**Year Born:** 1976

## Copyright Claimant

**Copyright Claimant:** Claire A Marquez
#21 Challen Road, Santa Fe, NM, 87507, United States

## Rights and Permissions

**Name:** CLaire A Marquez
**Email:** divinebeautyinc@gmail.com
**Telephone:** (505)316-0088

Address: #21 Challen Road
Santa Fe, NM 87507 United States

## Certification

Name: Luis M Ortiz
Date: July 15, 2020
Applicant's Tracking Number: Marquez-1001

Copyright Office notes: Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

# PHOTOGRAPH TITLE LIST

| PHOTOGRAPH TITLE | FILENAME | MO/YEAR PUBLICATION |
|---|---|---|
| Wrinkles Around Eyes – Before Treatment | 1-6 Before.JPG | July 2010 |
| Wrinkles Around the Eyes – After Treatment | 1-7 After 4 weeks.JPG | July 2010 |
| Wrinkles on the Lips – Before Treatment | lips1 Before.jpg | July 2010 |
| Wrinkles on the Lips – After Treatment | lips2 After.jpg | July 2010 |
| Acne Scars – Before Treatment | before01.jpg | July 2010 |
| Acne Scars – After Treatment | after01 A.jpg | July 2010 |
| Right Side Claire – Before Treatment | Claire rightside before.jpg | July 2010 |
| Right Side Claire – After Treatment | Claire rightside after.jpg | July 2010 |
| Left Side Claire – Before Treatment | Claire leftside before.jpg | July 2010 |
| Left Side Claire – After Treatment | Claire leftside after.jpg | July 2010 |
| Jarrod Acne Scar – 3rd Treatment | Jared 003.jpg | July 2010 |
| Jarrod Acne Scar – 4th Treatment | Jared 004.jpg | July 2010 |
| Jarrod Acne Scar – 5th Treatment | Jared 007 jpg | July 2010 |
| Jarrod After Treatment | Jared 006.jpg | July 2010 |
| Irregular Uneven Small Punctures by Pen | Irregular uneven small punctures Pen.JPG | July 2010 |
| Irregular Uneven Small Punctures by Roller | Irregular uneven punctures Roller.JPG | July 2010 |
| Clean Uniform Pattern by RejuvaStamp | Pattern RejuvaStamp.JPG | July 2010 |



1-6 Before.JPG



I-7 After 4 weeks.JPG

Lipsl Before.jpg



Lips2 After.jpg



Before01.jpg



After01 A.jpg



Claire rightside before.jpg



Claire rightside after.jpg



Claire lefside before.jpg



Claire leftside after.jpg



Jared 003.jpg



Jared 004.jpg



Jared 007.jpg



Jared 006.jpg



Irregular uneven small punctures Pen.jpg



Irregular uneven punctures Roller.jpg

Pattern RejuvaStamp.jpg